UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL STONE, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) 17-1267 |
| JUSTIN HAMMERS, *et al.* | ) ) ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

This case is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The Court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the Court.

Plaintiff is currently incarcerated at Illinois River Correctional Center. He alleges that his typewriter was damaged and his brand new pair of shoes was stolen during transport. Plaintiff alleges he was eventually reimbursed for the lost shoes. Plaintiff also alleges that prison officials retaliated against him, but he previously filed a separate lawsuit that is proceeding on those claims.

Plaintiff's allegations suggest that the property deprivations he suffered were a result of intentional, but unauthorized, acts of prison employees. In other words, the confiscation of Plaintiff's non-contraband property was not mandated by an established prison policy—prison officials acted on their own volition. In this scenario, the confiscation or destruction of personal property does not violate due process where state law provides a meaningful post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 530 (1984). Plaintiff has an adequate remedy available to him in the Illinois Court

of Claims to the extent that he was not fully reimbursed for his shoes and typewriter. *See Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993). Therefore, he does not state a constitutional claim.

**IT IS THEREFORE ORDERED that:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile. This case is therefore terminated. All pending motions are denied as moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

2) **Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.**

3) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 17th day of July, 2017.

/s/ Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE